Robert H. Reed, Plaintiff-Appellant, v. Gordon Sands, and Beula Sands, Defendants-Appellees.

Gen. No. 10,080.

Third District.
October 16, 1956.
Released for publication November 1, 1956.

Frederick R. Pefferle, of Springfield, for appellant.

Jenkins, Olsen and Cantrill, of Springfield, for appellees.

JUDGE CARROLL delivered the opinion of the court.

Plaintiff appeals from a judgment of the Circuit Court of Sangamon County in favor of the defendant, Gordon Sands.

The action was brought for recovery of damages to plaintiff's automobile alleged to have resulted from the negligence of Gordon Sands in operating an automobile owned by his mother, Beula Sands. The latter filed a counterclaim for damages to her automobile occurring in the same accident. The cause was tried by a jury and at the close of all the evidence the Court directed a verdict in favor of the defendant Beula Sands as to the complaint. Submission of the remaining issues to a jury resulted in verdicts finding the defendant Gordon Sands not guilty on the complaint and the plaintiff not guilty on the counterclaim.

The points urged by plaintiff as supporting his contention that the judgment should be reversed and a new trial granted are (1) that he was denied a fair and impartial trial by reason of improper remarks made by the Trial Judge and (2) that the Trial Court erred in refusing to admit certain evidence pertaining to the plaintiff's damages.

The remarks, which it is claimed resulted in prejudicing plaintiff's cause before the jury were made during the course of plaintiff's examination as a witness. A question put to him was as follows: "When you observed this car, which was then on your left at or about the crosswalk, do you know what its speed was?" The answer of plaintiff was: "By golly if he was doing a mile under 40, I don't know anything about speed; and that is suicide on that street." Counsel for the defendant interposed an objection and moved to strike the answer. The Court in its ruling on the objection said: "It may be. The witness—you can't make a speech before the jury. You are to answer the question." To this remark the witness said "Yes sir." The Court then made the following statement:

"The court doesn't like to reprimand the witness for interjecting matters into the subject matter here, but I am warning you now not to make speeches to the jury or add anything to your answer here that are not called for by the question. The same may be stricken."

The record further shows that just prior to giving the answer which occasioned the Trial Court's remarks, the plaintiff, when asked as to the location of a car with reference to the curb line of the street, gave this answer: "It was about the crosswalk coming like the dickens." No objection appears to have been made to this answer. A number of other answers given by the plaintiff indicate a marked tendency on his part to include therein matters far beyond the scope of the questions put to him.

█ Plaintiff's contention that the Trial Court's remarks warrant a reversal cannot be sustained unless it appears that the same were of such a nature as would ordinarily create prejudice in the minds of the jury. Anderson v. Inter-State Business Men's Acc. Ass'n of Des Moines, Ia., 354 Ill. 538; Featherstone v. People, 194 Ill. 325.

The record indicates clearly that the answers of the witness to which the Court referred not only exceeded the scope of the questions propounded to him but also contained argumentative assertions unrelated to the subject of the examiner's inquiry. It is also apparent that if the witness was permitted to continue such practice, the same might well have resulted in prejudice to the defendant's rights. In admonishing the witness against interjecting extraneous matters into his answers, the Court appears to have properly refrained from expressing an opinion concerning the credibility of the witness or the weight to be accorded his competent testimony.

The language employed appears to have made it clear that criticism was being made only of the wit-

ness's propensity for volunteering statements not responsive to the questions asked of him. We think the jury could not have otherwise understood the Court's remarks. The fact that the Court reminded the witness of his duty to respond to the questions put to him is not in itself indicative of hostility towards such witness. In admonishing the witness the Court did not resort to the use of harsh and intemperate language.

Applicable to the question raised by plaintiff is the following expression of the Supreme Court found in Schaffner v. C. F. Massey Co., 270 Ill. 207.

"While there is some warrant for the contention that the conduct of the court during the trial might be construed as indicating hostility toward certain of plaintiff in error's witnesses, still, when all of the circumstances are considered under which the remarks were made, we think they were not so understood by the jury nor was the cause of plaintiff in error prejudiced thereby. Other remarks complained of were made in chambers, out of the hearing of the jury, and, of course, could not have had any such effect. The trial court in the matter of the conduct of the trial must necessarily be allowed a wide discretion in admonishing witnesses to answer the questions put to them and in compelling obedience to its rulings made during the course of the trial. It is only when the remarks of the trial court of that character are unnecessarily severe and such as are liable to cause prejudice in the minds of the jury that they constitute ground for a reversal of the judgment in this court."

■ Considering the circumstances under which the remarks complained of were made, we are of the opinion that the same were not so severe, excessive and improper as to prejudice the plaintiff's case in the minds of the jury.

In view of our conclusion that the plaintiff was not denied a fair trial by reason of the Trial Court's conduct, it is unnecessary to further consider the other

point argued which relates only to the admission of evidence relating to damages.

The judgment of the Circuit Court is affirmed.

Affirmed.

REYNOLDS, P. J. and ROETH, J., concur.